ALEXANDER G. CALFO (SBN 152891)
  *ACalfo@yukelaw.com*
EMILY HICKS (SBN 232155)
  *EHicks@yukelaw.com*
YUKEVICH CALFO & CAVANAUGH
601 S. Figueroa Street, 38th Floor
Los Angeles, CA 90017
Telephone:  (213) 362-7777
Facsimile:  (213) 362-7788

Attorneys for Defendant
DePUY SPINE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAUL OHANESIAN AND JESSICA OHANESIAN<br><br>Plaintiffs,<br><br>vs.<br><br>DePUY SPINE, INC.,<br><br>Defendant. | CASE NO. CV 07-6966 ODW (PLAx)<br><br>*(LASC – Central, Case No. BC377208)*<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>*[Assigned to the Honorable Otis D. Wright, II]*<br><br>*[Assigned Discovery – Magistrate Judge Paul L. Abrams]* |

Plaintiffs PAUL OHANESIAN and JESSICA OHANESIAN (hereinafter referred to as "Plaintiffs"), and Defendant DePUY SPINE, INC. (hereinafter referred to as "DePuy Spine"), hereby stipulate and agree, through their respective attorneys of record as follows:

**Good Cause Statement:** DePuy Spine has identified confidential, proprietary, commercially sensitive and trade secret as defined in California Civil Code Section 3426.1 information and documents relevant to the issues in this case and its defense of Plaintiffs' claim that an alleged manufacturing defect exists in the subject product. These documents and information include descriptions of the Charite Artificial Disc's design, engineering specifications, manufacturing processes

and procedures, quality control procedures, as well as analysis of the data from years of clinical studies. DePuy Spine derives significant financial benefit from this information. This information is not publically available, and the release of such information would be significantly detrimental to DePuy Spine. As such, the parties submit that good cause exists to warrant the issues of a protective order under California law. The parties further agree and stipulate to the following:

1. DePuy Spine may designate as confidential material all or any part of documents produced by DePuy Spine in response to initial disclosures, various interrogatories and requests for production of documents filed by Plaintiffs herein. DePuy Spine agrees that the designation of material as confidential shall be made by them only after a bona fide determination that the material is in fact a trade secret or other confidential research, commercial or proprietary information.

2. The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "Confidential: Protective Order" or words to that effect. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as copies), of documents designated as Confidential under this Order, or any portion of such a document, shall be immediately affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

3. Any deposition or other testimony or any portion thereof may be designated "Confidential" by any one of the following means:

    (a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated. Whenever any information designated "Confidential" is to be discussed or disclosed in a deposition, persons who are not entitled to receive

such information under this Stipulated Protective Order shall be excluded from the room; or

    (b)    sending written notice within fifteen (15) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential." However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential" until fifteen (15) business days after the transcript of the deposition has been received by the party whose "Confidential" materials are involved.

4.    Notwithstanding the foregoing, DePuy Spine's inadvertent failure to designate material "Confidential" in accordance with the terms of paragraphs 2 or 3 will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

5.    Material or information designated as confidential under this Stipulation and Protective Order shall not be used or disclosed by Plaintiffs, or their counsel or any person acting on their behalf to any other persons, except as provided for hereinafter, or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

6.    Counsel for Plaintiffs shall not disclose or permit the disclosure of any material or information designated as confidential under this Stipulation and Protective Order to any other person or entity, except in the following circumstances:

    (a)    Disclosure may be made to employees of counsel for Plaintiffs who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall

become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter, "expert") employed by Plaintiffs or their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement shall be furnished to counsel for DePuy Spine prior to disclosure to the expert. In no event shall any disclosure be made to employees, officers or directors of any competitors of DePuy Spine, irrespective of whether they are retained as an expert for Plaintiffs.

(c) Disclosure may be made to Plaintiffs to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, Plaintiffs shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

(d) Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal).

(e) Disclosure may be made to Court reporters used in connection with this litigation.

(f) Disclosure may be made to any person who (i) wrote or received a copy of the document designated "Confidential" before it was

1            furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

    (g)   Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

    (h)   Disclosure may be made to employees of outside copying, document imaging and facsimile services.

    (i)   Disclosure may be made to witnesses or deponents in the course of this litigation, only as necessary for the litigation and only after the person to whom such disclosure is made has been informed of the Protective Order and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as Exhibit "A." The executed acknowledgment shall be retained by Plaintiffs' counsel, with a copy provided to DePuy Spine's counsel upon request.

7.   Counsel for Plaintiffs shall keep all material or information designated as confidential which is received under this Stipulation & Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 8, and shall immediately place such material in a secure facility. Except as provided in paragraph 6 above, no person shall have access to the foregoing facility.

8.   Nothing in this Order shall be construed to obligate the Court and the Court's personnel to act in any manner with respect to confidential documents. Aside from the Court and Court's personnel, any person having access to material or information designated confidential under this Stipulation & Protective Order, including consultants and experts, shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except as

convenient and necessary for in the preparation and trial of this litigation. Said consultants or experts shall not make copies of the confidential material or information furnished to them by counsel.

     9.    Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Stipulation & Protective Order.

     10.    In the event of a dispute regarding the designation of confidential information, or that involves information claimed to be confidential, the parties shall utilize the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving part may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Further, if confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to fie the papers -- or the confidential portion thereof -- under seal; the application must demonstrate good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

     11.    Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for Plaintiffs shall assemble and return to counsel for DePuy Spine, all materials and all copies in their possession or subject to their control (including but not limited to materials furnished to consultants and/or experts) that were designated by DePuy Spine as confidential in accordance with this Stipulation and Protective Order and/or, in the alternative, execute an affidavit or declaration affirming, based on personal knowledge that all copies of such materials, including

1  copies upon which any notes have been made, have been destroyed.
2      STIPULATED TO and CONSENTED TO BY:
3
4  DATED: June ___, 2008      Law Offices of Marshall Silberberg
5
6
7           By: _____
8           Marshall Silberberg
            Attorney for Plaintiffs
9
10 DATED: June 13, 2008      Yukevich Calfo & Cavanaugh
11
12
13          By: _____
14          Alexander G. Calfo
            Emily Hicks
15          Attorneys for Defendant
            DePUY SPINE, INC.
16
17 SO ORDERED, this _____ day of _____, 2008.
18
19                 _____
                   The Honorable Paul L. Abrams

YUKEVICH CALFO & CAVANAUGH
601 S. FIGUEROA STREET, 38TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Case 2:07-cv-06966-ODW-PLA   Document 42   Filed 06/17/08   Page 8 of 9   Page ID #:274
Case 2:07-cv-06966-ODW-PLA   Document 41   Filed 06/13/2008   Page 8 of 9
To: Alex Calfo   Page 8 of 10          2008-06-13 01:39:34 (GMT)          19492665811 From: Marshall Silberberg

copies upon which any notes have been made, have been destroyed.

STIPULATED TO and CONSENTED TO BY:

DATED: June 12, 2008            Law Offices of Marshall Silberberg

By: _____
Marshall Silberberg
Attorney for Plaintiffs

DATED: June ___, 2008           Yukevich Calfo & Cavanaugh

By: _____
Alexander G. Calfo
Emily Hicks
Attorneys for Defendant
DePUY SPINE, INC.

SO ORDERED, this __A-TH__ day of __JUNE__, 2008.

_____
The Honorable Paul L. Abrams

Case 2:07-cv-06966-ODW-PLA   Document 42   Filed 06/17/08   Page 9 of 9   Page ID #:275
Case 2:07-cv-06966-ODW-PLA   Document 41   Filed 06/13/2008   Page 9 of 9

To: Alex Calfo   Page 9 of 10          2008-06-13 01:39:34 (GMT)          19492665811  From: Marshall Silberberg

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Stipulation & Protective Order executed by the attorneys of record for the parties in the action presently pending in The United States District Court, entitled Paul Ohanesian and Jessica Ohanesian v. DePuy Spine, Inc., Case No. CV 07-6966 ODW (PLAx), and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Dated: 6-12-08

By: _____

Name: Marshall Silberberg

Title: PARTNER

Position: ATTORNEY